```
AUBREY D. BOYD (SBN 60632)
Attorney at Law
101 West Broadway, Suite 1950
San Diego, CA 92101-8220
Telephone: 619/231-0929

Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858/509-9401
Attorneys for Plaintiff  SANDRA S. YBARRA
```

FILED
08 FEB 22 PM 3: 14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ CP _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA S. YBARRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Case No. '08 CV 0350 BEN POR<br><br>CIVIL COMPLAINT FOR DAMAGES -<br>NEGLIGENCE: Personal Injury<br><br>Demand is hereby made for<br>Trial by Jury |

Plaintiff alleges:

### INTRODUCTION

1. This is an action for personal injuries sustained by plaintiff on federal property and, therefore, arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*

2. Plaintiff was lawfully upon property owned, operated and/or controlled by the Department of the Navy at the time of the incident which forms the subject of this action. Plaintiff alleges that her injuries and damages, *inter alia*, directly and legally resulted from the dangerous, defective and unsafe condition of the said property, and/or the negligence of defendant's agents, servants and/or employees while acting in the scope and course of their official duties, and with the permission and consent of the

defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. §1346(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1402(b) in that plaintiff SANDRA S. YBARRA is a citizen and resident of the County of San Diego, State of California, and the cause of action on which this action is based arose in that County, which is within the Southern District of California.

## PARTIES

5. Plaintiff SANDRA S. YBARRA is a competent adult over the age of 21 years, residing in the aforementioned County and State.

6. The United States Department of the Navy is an agency and military branch of defendant UNITED STATES OF AMERICA, and as such the UNITED STATES OF AMERICA may be sued pursuant to 28 U.S.C. §2679 for the negligent acts and/or omissions of said agency and military branch.

## COMPLIANCE WITH THE FEDERAL TORT CLAIMS ACT

7. On April 23, 2007, Plaintiff presented to the Department of the Navy her claim for the injuries, losses and damages suffered and incurred by her by reason of the hereinafter described occurrence, in the amount of $150,000.00, all in compliance with the requirements of the Federal Tort Claims Act.

8. On or about November 16, 2007, plaintiff's said claim to the Department of the Navy was rejected in its entirety.

## FIRST CAUSE OF ACTION
### (Negligence)

#### (Plaintiff Against All Defendants)

9. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 8, inclusive, of the Complaint herein by this reference as though set forth in full.

10. Plaintiff is informed and believes, and on such information and belief alleges, that at all times herein mentioned the Department of the Navy is and was the owner or lessee and/or otherwise entitled to the possession, use and control of a certain retail business premises located at or near, 2260 Callagan Highway, Building 3187, in the City of San Diego, County of San Diego, State of California, and that said facility is and was operated and controlled by agents, servants and/or employees of said Department.

11. On or about May 3, 2005, at or about the hour of 5:00 p.m., Plaintiff was lawfully walking at the end of a display aisle in the aforementioned retail business premises near a display stack of Natural Ice beer cases.

12. At said time and place, defendant, by and through its agents, servants and/or employees and each of them, so negligently stacked, stored, maintained, controlled, displayed and/or inspected, and/or failed to inspect, the aforementioned cases of beer; and/or so negligently hired, employed, trained, instructed, qualified, assisted and/or supervised their agents, servants and/or employees; and/or negligently enacted or failed to enact/adopt and/or enforce policies and/or procedures relative to the proper and safe stacking, storage and/or display of the said beer cases; and/or negligently warned or negligently failed to warn customers at the said premises, including plaintiff herein, of the danger posed by the stacked cases of beer, so as to create a dangerous, defective and unsafe condition of the said property, and to

otherwise cause some of the aforementioned cases of beer to fall from the said stack and to strike plaintiff, and to thereby cause plaintiff to suffer the injuries and damages as hereinafter described.

13. As a direct and legal result of the negligence of the defendant, and/or the dangerous, defective and unsafe condition of the said property, and the resulting fall of the said cases of beer, plaintiff was hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused, and continue to cause plaintiff great mental, physical, and nervous pain, suffering and disability, all to her damage in a sum to be determined at trial. Plaintiff prays leave to amend the herein Complaint to insert the amount thereof when ascertained. Plaintiff is informed and believes that she has sustained permanent injuries as a result of the aforementioned events.

14. As a further direct and legal result of said negligence of the defendant, and/or the dangerous, defective and unsafe condition of the said property, and the resulting fall of the said cases of beer, plaintiff has been, and in the future will be, required to obtain the services of hospitals, physicians, surgeons, and other medical practitioners, and has and will continue to incur other medical expenses in an amount unknown to plaintiff at this time. Plaintiff prays leave to amend the herein Complaint to allege the amount thereof when ascertained.

## SECOND CAUSE OF ACTION
### (Negligence Per Se)

(Plaintiff Against All Defendants)

15. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 11, inclusive, of the Complaint herein by this reference as though set forth in full.

16. At said time and place, defendants, and each of them, so negligently, and/or in violation of applicable safety laws, rules, regulations and/or policies, so negligently stacked, stored, maintained, controlled, displayed and inspected, an/or failed to inspect, the aforementioned cases of beer; and/or so negligently hired, employed, trained, instructed, qualified, assisted and/or supervised their agents, employees and co-defendants; and/or negligently enacted or failed to enact/adopt and/or enforce policies and/or procedures relative to the proper and safe stacking, storage and/or display of the said beer cases; and/or negligently warned or negligently failed to warn persons at the said premises, including plaintiff herein, of the danger posed by the stacked cases of beer, so as to create a dangerous, defective and unsafe condition on the said property, and otherwise caused some of the aforementioned cases of beer to fall from the said stack and to strike plaintiff, and to thereby cause plaintiff to suffer the injuries and damages as hereinafter described.

17. Plaintiff hereby incorporates each and every allegation contained in paragraphs 13 through 14, inclusive, of the Complaint herein by this reference as though set forth in full.

### THIRD CAUSE OF ACTION
(Negligence - *Res Ipsa Loquitur*)

(Plaintiff Against All Defendants)

18. Plaintiff hereby incorporates each and every allegation

contained in paragraphs 1 through 11, inclusive, of the Complaint herein by this reference as though set forth in full.

19. The aforementioned fall of the said cases of beer onto plaintiff is an event of the kind that ordinarily does not occur in the absence of negligence; that at the time the said cases of beer fell, they were within the exclusive control or right of control of defendants and each of them, or defendants and each of them originally had control or right of control of the cases of beer, which was not mishandled or its condition otherwise changed after defendants relinquished control of same; and that the said fall of the said cases of beer was not proximately caused or contributed to by any action on the part of plaintiff. Based upon these allegations/facts, plaintiff intends to rely in whole or in part upon the legal doctrine of *res ipsa loquitur* at the time of trial as affecting the burden of proof on the issue of defendants' negligence.

20. Plaintiff hereby incorporates each and every allegation contained in paragraphs 13 through 14, inclusive, of the Complaint herein by this reference as though set forth in full.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against defendants, and each of them as follows:

1. The sum of $150,000.00 for general damages, including but not limited to pain and suffering, mental and emotional injuries and upset, and for all past, present and future medical and incidental expenses;

2. For costs of suit herein incurred;

3. For legal interest;

6
CIVIL COMPLAINT FOR DAMAGES

    4.    For jury trial on all claims so triable; and

    5.    For such other and further relief as the Court may deem proper.

Dated: February 21, 2008



AUBREY D. BOYD, ESQ.
Attorney for Plaintiff
SANDRA S. YBARRA

C:\My Documents\CLIENTS\ADB\Ybarra, Sandra\Federal - Complaint.wpd

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA S. YBARRA

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUBREY D. BOYD, ESQ.
101 W. Broadway, Ste. 1950, San Diego, CA
619/231-0929

## DEFENDANTS
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): '08 CV 0350 BEN POR

FILED 08 FEB 22 PM 3:12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 2671, et seq.
Brief description of cause:
Personal Injury - premises, general negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE John A. Houston    DOCKET NUMBER 07CV1350JAH (RBB)

DATE: 2/22/08
SIGNATURE OF ATTORNEY OF RECORD: Aubrey D. Boyd, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # 147988    AMOUNT $350    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

SL 2/22/08

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     #  147988      - SH

        February 22, 2008
           15:17:11


         Civ Fil Non-Pris
   USAO #.: 08CV0350
   Judge..: ROGER T BENITEZ
   Amount.:              $350.00 CK
   Check#.: BC8381



       Total->   $350.00



   FROM: YBARRA V. USA
```