```
 1  KAREN P. HEWITT
    United States Attorney
 2  MELANIE A. ANDREWS
    Special Assistant U.S. Attorney
 3  28 U.S.C. 543
    melanie.andrews@usdoj.gov
 4  Office of the U.S. Attorney
    Federal Office Building
 5  880 Front Street, Room 6293
    San Diego, CA 92101-8893
 6  Telephone: (619) 557-7460

 7  Attorneys for Defendant
    United States of America
 8
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SANDRA S. YBARRA,               | ) Case No. 08cv0350 JAH(RBB) |
|---------------------------------|------------------------------|
|     Plaintiff,                  | )                            |
|                                 | ) **ANSWER TO COMPLAINT**    |
|     v.                          | )                            |
|                                 | )                            |
| UNITED STATES OF AMERICA,       | )                            |
|                                 | )                            |
|     Defendant.                  | )                            |

COMES NOW Defendant, the United States of America, by and through its attorneys, Karen P. Hewitt, United States Attorney and Melanie A. Andrews, Special Assistant United States Attorney, and for its Answer to Plaintiff's Complaint sets forth the following:

1.  Answering Paragraph 1 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

//

//

//

2. Answering the first sentence of Paragraph 2 of the Complaint, Defendant admits the substantial truth of the allegations contained therein. Answering the second sentence of Paragraph 2 of the Complaint, Defendant denies all of the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant states that the allegation concerning jurisdiction contained therein is a legal conclusion solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

4. Answering Paragraph 4 of the Complaint, Defendant states that the allegation concerning venue contained therein is a legal conclusion solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

5. Answering Paragraph 5 of the Complaint, Defendant admits the substantial truth of the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant admits the substantial truth of the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits that on or about April 23, 2007, Plaintiff submitted an administrative claim to the Department of the Navy in the amount of $150,000.00. Except as specifically admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said paragraph.

8. Answering Paragraph 8 of the Complaint, Defendant admits the substantial truth of the allegations contained therein.

//

9.   Answering Paragraph 9 of the Complaint, Defendant denies all of the allegations contained therein.

10.   Answering Paragraph 10 of the Complaint, Defendant admits that Building 3187 at 2260 Callagan Highway, San Diego, California, is a government facility operated by the United States Navy which is an agency or instrumentality of the United States of America. Except as specifically admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said paragraph.

11.   Answering Paragraph 11 of the Complaint, Defendant admits that on or about 5:00pm on or about May 3, 2007 Plaintiff was located in Building 3187 at 2260 Callagan Highway, San Diego, California. Except as specifically admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said paragraph.

12.   Answering Paragraph 12 of the Complaint, Defendant denies all of the allegations contained therein.

13.   Answering the first sentence in Paragraph 13 of the Complaint, Defendant denies all of the allegations contained therein. Answering the second sentence in Paragraph 13 of the Complaint, Defendant states that no answer is required to said sentence inasmuch as there are no charging allegations directed to this answering Defendant. To the extent an answer is required, Defendant denies said allegations. Answering the last sentence in Paragraph 13 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

14.   Answering the first sentence in Paragraph 14 of the Complaint, Defendant denies all of the allegations contained therein. Answering the last sentence in Paragraph 14 of the Complaint, Defendant states that no answer is required to said paragraph inasmuch as there are no charging allegations directed to this answering Defendant.  To the extent an answer is required, Defendant denies said allegations.

15.   Answering Paragraph 15 of the Complaint, Defendant denies all of the allegations contained therein.

16.   Answering Paragraph 16 of the Complaint, Defendant denies all of the allegations contained therein.

17.   Answering Paragraph 17 of the Complaint, Defendant denies all of the allegations contained therein.

18.   Answering Paragraph 18 of the Complaint, Defendant denies all of the allegations contained therein.

19.   Answering Paragraph 19 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required.  To the extent an answer is required, said allegations are denied.

20.   Answering Paragraph 20 of the Complaint, Defendant denies all of the allegations contained therein.

Defendant denies all other allegations of Plaintiff's Complaint not specifically admitted.

**AFFIRMATIVE AND OTHER DEFENSES**

1.   The Court lacks jurisdiction over the subject matter of this action.

2. The Complaint fails to state a claim upon which relief can be granted to the Plaintiff against the Defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, as averred in the Complaint or otherwise, for the reason that if said Defendant were a private person, it would not be liable to Plaintiff in accordance with the law of the State of California.

3. Plaintiff cannot recover for any injury or injuries caused in whole or in part by and through her own carelessness, negligence, or assumption of the risk.

4. To the extent the acts or omissions of others were the sole proximate causes of any injury, damage, or loss to the Plaintiff, those acts and omissions have superseded any acts or omissions of Defendant.

5. Plaintiff cannot recover damages from Defendant for any injuries that were not proximately caused by a negligent or wrongful act or omission on the part of Defendant or any employee or agent of Defendant.

6. There was no negligent act or omission on the part of any federal employee.

7. Defendant asserts, as an affirmative defense, California Civil Code, § 1431.2(a), which provides:

> In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

8. To the extent Plaintiff failed to exercise reasonable care in mitigating her damages, her claim must be barred or diminished.

9. Plaintiff's recovery, if any, is limited to the amount of the claim the Plaintiff presented administratively. See 28 U.S.C. § 2675(b).

10. To the extent Plaintiff has alleged speculative future damages, they do not constitute compensable damages.

11. All future damages, if any, must be reduced to present value.

12. Income taxes must be deducted from Plaintiff's alleged past and future lost earnings, if any.

13. In the event Defendant is found liable, which Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiff from the United States of America and its agencies, by reason of Plaintiff's alleged injuries.

14. Plaintiff is not entitled to trial by jury in an action brought under the Federal Tort Claims Act. See 28 U.S.C. § 2402.

WHEREFORE, Defendant prays that Plaintiff takes nothing by reason of her suit herein, that judgment be rendered in favor of said Defendant, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: April 22, 2008          KAREN P. HEWITT
                               United States Attorney


                               /s/Melanie A. Andrews
                               MELANIE A. ANDREWS
                               Special Assistant U.S. Attorney

                               Attorneys for the Defendant
                               United States of America
                               Email: Melanie.Andrews@usdoj.gov