**Darren J. Quinn (149679)**
**Alexander E. Papaefthimiou (236930)**
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858/509-9401

**AUBREY D. BOYD (SBN 60632)**
Attorney at Law
101 West Broadway, Suite 1950
San Diego, CA 92101-8220
Telephone:  619/231-0929

*Attorneys for Plaintiff SANDRA S. YBARRA*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA S. YBARRA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>ANHEUSER-BUSCH, INC. D/B/A<br>ANHEUSER-BUSCH SALES OF SAN<br>DIEGO, and DOES 1 through 20,<br>Inclusive,<br><br>　　　　　　Defendants. | Case No.: 08cv0350 JAH(RBB)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER EXTENDING TIME OF EXPERT DESIGNATIONS AND RELATED DISCOVERY**<br><br>Date:  TBA<br>Time: TBA<br>Judge: Magistrate Ruben B. Brooks |

Plaintiff submits the following points and authorities in opposition to defendant ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO'S ex parte application for order extending time of expert designations and related discovery.

**I**

**THE DEFENDANT ANHEUSER-BUSCH, INC. D/B/A**

**ANHEUSER-BUSCH SALES OF SAN DIEGO'S REQUEST IS**

**INAPPROPRIATE BECAUSE IT HAS NOT BEEN DILIGENT**

**IN CONDUCTING THE DISCOVERY THEY NOW CLAIM IS NECESSARY,**

**AND BECAUSE THE CLAIMED CRISIS IS OF THEIR OWN MAKING**

Although counsel has discussed the liability facts and issues in this case with defense counsel

1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER
EXTENDING TIME OF EXPERT DESIGNATIONS AND RELATED DISCOVERY

for ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO on several occasions, and although, based on the documentary evidence and opinion of plaintiff's liability expert (which has been timely exchanged), liability appears to be clear, counsel for ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO has doggedly refused to concede the issue or to even discuss settlement of the case on any reasonable basis.

As more fully indicated in the accompanying declaration of Aubrey D. Boyd, Esq. in opposition to defendant ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO's ex parte application, it is the plaintiff **NOT** the defendant who has already taken the deposition of one liability witness (defendant's merchandiser), and who has set the deposition of four (4) additional liability witnesses in this case. It is also the plaintiff **NOT** the defendant who has scheduled the site inspection in this case. This discovery is time consuming and extremely costly to the plaintiff, who believes it should be wholly unnecessary given the facts of the case..

In spite of the fact that defendant ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO has conducted **NO** liability discovery in the case, their counsel now claims the aforementioned discovery is somehow essential in order for their expert to prepare his/her report in this matter and for them to meet their disclosure deadline - a deadline that was set at the CMC on June 6, 2008, with their agreement.

It is also important to note that defendant ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO asks that all dates (see proposed Order) be changed to accommodate their lack of diligence and to allow their experts to do their work on the case. The effect of this will be to unfairly give the defendant additional time for their experts to prepare their opinions and respond to plaintiff's expert report, and to have the added benefit of being able to consider the results of plaintiff's pending discovery. On the other hand, Plaintiff has had to meet her disclosure deadline prior to completion of that same discovery.

Pushing the dates back as suggested by the defendant will place the discovery cut-off date to the Friday before plaintiff's counsel is scheduled to begin trial on another case (November 10th), i.e., he will be heavily involved in trial preparation.

It should also be noted that plaintiffs' counsel has unsuccessfully (to date) sought defendant

1   ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO's counsel's
2   cooperation on a number of issues in this case including responses to an amended set of
3   interrogatories propounded to said defendant by plaintiff, which were inadvertently misnumbered -
4   counsel for the government on the other hand fully cooperated in resolving that problem relative to
5   a similar set of interrogatories; the wording of defendant ANHEUSER-BUSCH, INC. D/B/A
6   ANHEUSER-BUSCH SALES OF SAN DIEGO's request for a protective order/stipulation as a
7   prerequisite for their release of liability documents which had not been identified/produced in
8   response to plaintiff's request for production, but which were identified for the first time when
9   plaintiff's counsel took the deposition of their merchandiser; and plaintiff's request for reasonable
10  and customary protections as a condition for a stipulation to defendant's request for a medical
11  examination. No resolution has been reached on any of these matters.

12         In any event, the current difficulty is of defendant ANHEUSER-BUSCH, INC. D/B/A
13  ANHEUSER-BUSCH SALES OF SAN DIEGO's own making, and is not, therefore, a proper matter
14  for consideration by way of ex parte application. *Mission Power Engineering Company v.*
15  *Continental Casualty Company* 883 F.Supp. 488 (C.D. Cal. 1995).

16         For the above reasons, the defendant's ex parte application should be denied.

18  Dated: August 29, 2008

19                                                    Respectfully submitted,

21                                    s/s Audrey D. Boyd
                                      AUBREY D. BOYD
22                                    ATTORNEY AT LAW
                                      101 West Broadway, Suite 1950
23                                    San Diego, CA  92101
                                      Telephone:  619/231-0929

25                                    LAW OFFICES OF DARREN J. QUINN
                                      DARREN J. QUINN
26                                    12702 Via Cortina, Suite 105
                                      Del Mar, CA 92014
27                                    Tel: 858-509-9401

28                                    *Attorneys for Plaintiff SANDRA S. YBARRA.*

ExParte - P&A

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 12702 Via Cortina, Suite 105, Del Mar, CA 92014.

I filed the foregoing documents electronically via CM/ECF in the above entitled court described as:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER EXTENDING TIME OF EXPERT DESIGNATIONS AND RELATED DISCOVERY**

The following are those who are currently on the list to receive e-mail notices for this case.

Melanie April Andrews
melanie.andrews@usdoj.gov,Yvette.Reyes@usdoj.gov,Efile.dkt.civ@usdoj.gov

Aubrey D Boyd
adboyd@boyd-law.net

Samantha Beth Lopez
slopez@ipglaw.com,kdelarosa@ipglaw.com,file@ipglaw.com

Guillermo Marrero
gmarrero@ipglaw.com,scabrera@ipglaw.com

Darren James Quinn
dq@dqlaw.com,dquinn@quinnattorney.com

Joshua John Richman
jrichman@ipglaw.com,kdelarosa@ipglaw.com,file@ipglaw.com

I certify under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Dated:     August 29, 2008 at Del Mar, California.

s.s Darren J. Quinn
Darren Quinn

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER
EXTENDING TIME OF EXPERT DESIGNATIONS AND RELATED DISCOVERY