```
KAREN P. HEWITT
United States Attorney
MELANIE A. ANDREWS
Special Assistant U.S. Attorney
28 U.S.C. § 543
Office of the U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7460
melanie.andrews@usdoj.gov

Attorneys for Defendant
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA S. YBARRA,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; ANHEUSER-BUSCH, INC. D/B/A ANHEUSER-BUSCH SALES OF SAN DIEGO, and DOES 1 through 20, Inclusive,<br><br>  Defendants. | Case No. 08cv0350 JAH(RBB)<br><br>**DECLARATION OF MELANIE A. ANDREWS IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER EXTENDING TIME OF EXPERT DESIGNATIONS AND RELATED DISCOVERY**<br><br>Date: TBA<br>Time: TBA<br>Judge: Magistrate Ruben B. Brooks |

I, Melanie A. Andrews declare and state as follows:

1. I have personal knowledge of the statements made herein. If called as a witness, I could and would testify competently thereto.

2. I am an attorney licensed to practice in the Commonwealth of Pennsylvania and have been appointed as a Special Assistant U.S. Attorney for the Southern District of California pursuant to 28 U.S.C. § 543.

3. I am assigned to represent Defendant, United States of America, ("USA"), in the above named action.

4. I concur with ABI Counsel's recitation of the relevant procedural history and also concur with her rationale for requesting an extension of time to designate experts and complete the related discovery.

5. While liability, or degrees thereof, is not clear cut, Counsel for the USA contacted Plaintiff's Counsel on July 1, 2008 to discuss settlement in an effort to resolve the case before parties devoted time and resources prosecuting and defending this matter.

6. For the following reasons, Plaintiff's Counsel declined to discuss settlement: a) He had not received a final medical report or final medical bills; b) Plaintiff was going to be examined by another doctor for the purpose of producing Plaintiff's expert report; c) Plaintiff wanted to settle with both USA and ABI at the same time and d) Plaintiff's Counsel wanted to depose ABI and USA witnesses after serving and receiving responses to discovery.

7. Plaintiff served the USA with discovery in increments and in light of a mis-numbering of interrogatories, the last discovery response is not due to Plaintiff until early September.

8. Also, Plaintiff did not notice the depositions of USA witnesses until on or about 18 August for 10 and 11 September depositions.

9. Since mid-May ABI has sought to conduct an Independent Medical Examination (IME) of the Plaintiff. The USA and ABI jointly retained a doctor to conduct the IME and produce a report. Plaintiff's IME is finally scheduled for September 10th, however Plaintiff's counsel has not responded to information addressing the protocols generally used for IMEs conducted in this federal district. Thus, it is possible that the IME may not go as planned.

    10.   The USA also retained an expert to address retail safety and standards of care, however the expert cannot complete a meaningful report until after the USA witnesses are deposed.

    11.   Based on the above, the USA concurs with the timetable set forth in ABI's *ex-parte* request for an extension of time for expert designations and related discovery.

    12.   Counsel for the USA also requests a telephonic conference with the Court and all parties to address these matters.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on 01 September 2008, at San Diego, CA.

                                                /s/ Melanie A. Andrews
                                               MELANIE A. ANDREWS