**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA S. YBARRA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA; ANHEUSER-BUSCH, INC., dba ANHEUSER-BUSCH SALES OF SAN DIEGO; and DOES 1-20, inclusive,<br><br>　　　　　　Defendants. | Civil No. 08cv350 JAH(RBB)<br><br>**AGREED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL PROPRIETARY AND TRADE SECRET INFORMATION TO PLAINTIFF SANDRA YBARRA AND DEFENDANT UNITED STATES OF AMERICA**<br><br>Judge:　Magistrate Ruben B. Brooks |

　　　　The parties having agreed to the entry of a protective order pursuant to Fed.R.Civ.P. 26(c), as evidenced by the signatures of their respective counsel which are appended hereto and being willing to maintain the confidentiality of trade secrets or other proprietary commercial information obtained during discovery, and the Court having approved such order:

　　　　IT IS HEREBY ORDERED that, if in the course of proceedings in this action, Defendant Anheuser-Busch, Inc (collectively "ABI") is required to disclose information which it contends is a trade secret or is of proprietary, confidential or commercially sensitive nature, the following procedure shall be employed:

　　　　1.　　For purposes of this Order, confidential information means any document or

1  tangible thing which is designated by ABI as "Confidential." Confidential information includes,
2  but is not limited to, ABI's policies and procedures, but this Order will also govern other
3  documents for which ABI asserts a trade secret or contends is proprietary commercial
4  information.

5      2.    Any confidential information of ABI obtained by any other party to this action
6  pursuant to discovery in this action may be used only for purposes of this action and not for any
7  business or other purpose whatsoever, and not for any other litigation. Plaintiff's counsel and
8  counsel for defendant United States of America shall not disclose any such "Confidential"
9  information to any person except in accordance with the terms of the protective order. Plaintiff's
10 counsel and counsel for defendant United States of America, their staff and their experts shall not,
11 under any circumstances, sell, offer for sale, advertise, or otherwise publicize either the contents
12 of designated confidential documents or information, or communicate the fact that they have
13 obtained confidential documents and/or information from ABI except in accordance with the
14 terms of the protective order.

15     3.    ABI may designate any document or tangible thing confidential by prominently
16 displaying the designation: "Confidential."

17     4.    Claims of confidentiality as to documents made available to a party for inspection
18 and copying shall be made before such documents are made available for inspection and copying,
19 or after designation for copying by Plaintiff's counsel or counsel for the United States of America
20 but prior to production of the requested copy.

21     5.    All information produced pursuant to pretrial discovery in this action which is
22 designated by ABI as containing or comprising confidential information may be disclosed solely
23 for the purpose of this litigation and only to the following categories of persons:

24     (a) attorneys (in-house or outside) for any party engaged in the litigation of this action
25         and professional, clerical, secretarial and other support personnel of such
26         attorneys;

27     (b) persons who are expressly retained to assist such attorneys in the preparation of
28         this action, including, but not limited to, independent auditors, outside

- 2 -    **Civil No. 08cv350 JAH(RBB)**

INTERNATIONAL PRACTICE GROUP    AGREED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL PROPRIETARY AND TRADE SECRET INFORMATION TO PLAINTIFF SANDRA YBARRA AND UNITED STATES

accountants, economists, expert witnesses, and other consultants, and the employees of such person. Prior to disclosing confidential information to any such expert/accountant/consultant, a receiving party shall have such person(s) acknowledge in writing that he or she is fully familiar with the terms of this Order, agrees to comply with and be bound by this Order until modified by a further Order of the Court, and consents to the jurisdiction of the Court for purposes of enforcing this Order in a form such as that attached as Exhibit A hereto;

(c) persons who are parties or officers, directors, or employees of parties to this action;

(d) the above-captioned court and its employees and/or the trier of fact and court reporters transcribing trial or deposition testimony taken in this case and notarizing officers;

(e) any private mediator or arbitrator jointly selected and agreed upon by the parties;

(f) persons who appear on the face of "Confidential" material as an author, addressee or recipient thereof;

(g) witnesses employed by the party designating the "Confidential" material;

(h) any person who prepared the "Confidential" material;

(i) any other person who has signed "Exhibit A" attached hereto and to whom the parties agree in writing or on the record; and

(j) such other persons as the above-captioned court may order may be show such material on whatever conditions the court shall impose.

6. Plaintiff's counsel and counsel for the United States of America shall keep records of all copies of each confidential document or information made and/or distributed, in whole or in part, or any excerpts thereof to persons authorized in paragraph 5. Any copies so distributed shall be returned to the Plaintiff's counsel or counsel for the United States of America immediately upon the completion of the purpose for which the person was retained in this case.

7. Nothing in this Order shall bar or otherwise restrict Plaintiffs' counsel and counsel for the United States of America from rendering advice to his client with respect to this action,

and in the course thereof, from generally referring to or relying upon his examination of documents or information produced in this action.

8. ABI will use reasonable care to avoid designating any documents or information as confidential which contains information generally available to the public which is in fact not confidential.

9. Failure by Plaintiff or the United States of America to expressly challenge a claim of confidentiality shall not be deemed an admission that the same is in fact confidential. If a party objects to any claim of confidentiality, counsel shall first make a good faith effort to resolve any challenge of confidentiality. If counsels are unable to resolve any challenge of confidentiality, the parties shall brief the issue to the Court for resolution, with the party claiming confidentiality bearing the burden of proof by preponderance of evidence.

10. This Order shall not limit a party's right to:

   (a) Seek modification of this Order from the Court or the opposing party, or

   (b) To object to or otherwise oppose production or admission of any document or information on grounds other than its confidentiality.

11. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

12. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

13. Upon termination of this litigation whether by final judgment after appeal or by settlement, Plaintiff's counsel and counsel for the United States of America shall return to ABI's counsel of record all confidential documents and all copies he has made, including copies sent to

experts.

14. It is expressly understood and agreed that any person who violates the terms and conditions of this Order consents to the jurisdiction of this Court and may be subject to sanctions in the event of unauthorized use.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 12th day of September, 2008.

_____
RUBEN B. BROOKS
United States Magistrate Judge