## MINUTES OF THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

YBARRA v. U.S.A.                                  Case No. 08CV350 JAH(RBB)
                                                  Time Spent: __10 mins.__

HON. RUBEN B. BROOKS      CT. DEPUTY VICKY LEE                    Rptr. ____

                              Attorneys
         Plaintiffs                           Defendants

 Aubrey Boyd (present)                Melanie Andrews (present)
 Darren Quinn (present)               Samantha Lopez (present)


PROCEEDINGS:     ____ In Chambers    ____ In Court    __x__ Telephonic

A telephonic, attorneys-only discovery conference was held.

The United States, Anheuser-Busch, Inc., and Plaintiff's counsel each submitted a letter brief regarding Plaintiff's medical examination by defense-retained orthopaedist Dr. Vance. The letter briefs will be filed contemporaneously with this order.

For the reasons stated during the conference, the Court finds good cause for the medical examination and imposes the following conditions:

1.  The examination may be tape recorded by Plaintiff and/or Dr. Vance.
2.  Plaintiff is not to be accompanied into the examination room or area by a third-party, including legal counsel.
3.  Plaintiff may be required to fill out a medical questionnaire.
4.  Plaintiff may be asked questions during the examination that the doctor or his staff feel are useful in evaluating the Plaintiff's condition.
5.  Defendants will provide Plaintiff's counsel with a copy of Dr. Vance's report.


DATE: __September 9, 2008__    IT IS SO ORDERED: _/s/ Ruben Brooks_____
                                                  Ruben B. Brooks,
                                                  U.S. Magistrate Judge
cc: Judge Houston                            INITIALS: __VL (mg/irc)__ Deputy
    All Parties of Record

K:\COMMON\BROOKS\CASES\YBARRA350\Minutes04.wpd

LAW OFFICES OF
**AUBREY D. BOYD**
THE AT&T BUILDING
101 WEST BROADWAY, SUITE 1950
SAN DIEGO, CALIFORNIA 92101-8220
(619) 231-0929

FAX : (619) 338-8375

September 5, 2008

Hon. Ruben B. Brooks
Magistrate Judge
United States District Court
Southern District of California
940 Front Street
San Diego, CA 92101

    Re: *Ybarra v. Anheuser-Busch Sales of San Diego, et al.*
        Case No.: 08cv350

Dear Judge Brooks, Ms. Lopez and Ms. Andrews:

    Pursuant to the Court's Order of September 3, 2008, plaintiff submits her position regarding the defendants' request for a medical examination as follows:

    1. Plaintiff is willing to accommodate defendants' request for a medical examination, but upon simple terms that are believed necessary to help insure fairness. "Instead of obtaining a court order . . . [the] parties may stipulate in writing for a physical or mental examination <u>on whatever terms and conditions they choose</u>. [FRCP 35(b)(6)]". (Emphasis added) FED. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2008)

    2. Without such a written stipulation, plaintiff believes the defendants are required to file a noticed motion to obtain a medical examination of the plaintiff. In doing so, they will be required to make a showing of "good cause" for the examination pursuant to FRCP 35(a), and will also be required to clearly and fully specify "the time, place, <u>manner</u>, <u>conditions</u>, <u>and scope</u> of the examination, as well as the person or persons who will perform it" as required by FRCP 35(a)(2)(A), (B) (Emphasis added).

    3. Again, in accord with these principles, plaintiff's counsel has agreed to allow the defendants to avoid the motion process, and has even agreed to make best efforts to produce plaintiff for examination on Wednesday, September 10, 2008 at 3:00 p.m. in order to accommodate defendants' medical expert, Raymond M. Vance, M.D., and the timing deadlines imposed by the court.

    4. In return, plaintiff's counsel has requested what we believe to be standard medical-legal examination protocols, i.e., that plaintiff's counsel's legal assistant accompany the plaintiff to the examination, that the examination be tape recorded, that plaintiff not be required to fill out a lengthy questionnaire, and that plaintiff not submit to a 'second deposition' by a defense doctor, who is a very well known defense partisan and who often

September 5, 2008
Page 2

takes on the role of an advocate. Plaintiff does not object to allowing the doctor to ask questions sufficient to understand how the injury occurred, or to inquire into the plaintiff's relevant medical history and her current symptoms and limitations, i.e., regarding the medical condition "in controversy" as per FRCP 35(a)(1). See *Swift v. Swift* (ED NY 1974) 64 FRD 440, 442.

    5.   Unfortunately, defense counsel have now refused to agree to ANY "terms and conditions" for the conduct of the medical examination. The only reason given for this refusal was that they do not deviate from their policy. This puts the plaintiff in the position of giving up "everything" to assist the defense and their medical expert, and getting absolutely "nothing" in return - there is no 'give and take' for any agreement, and no protections for the plaintiff. Plaintiff's counsel believes defense counsel to be unreasonable in this regard, requiring unnecessary additional time and effort to obtain a physical examination which plaintiff was and is willing to allow on the above conditions.

    6.   Plaintiff's counsel fully understands that FRCP 35 is very skeletal in nature and provides for only minimal protections for the person to be examined. This is in stark contrast to *California Code of Civil Procedure* §§2032.010, *et seq.*, and a substantial body of interpretative case law. In this regard, it may be noted that the instant case was removed from state court.

    7.   More specifically, *California Code of Civil Procedure* §2032.510 provides in relevant part as follows:

> Attendance of attorney for examinee or attorney's representative at physical examination; Recording and monitoring; Right to suspend examination pending motion for protective order; Monetary sanction
>
> (a) The attorney for the examinee or for a party producing the examinee, or that attorney's representative representative, shall be permitted to attend and observe any physical examination conducted for discovery purposes, and to record stenographically or by audio technology any words spoken to or by the examinee during any phase of the examination.
>
> (b) The observer under subdivision (a) may monitor the examination, but shall not participate in or disrupt it.
>
> (c) If an attorney's representative is to serve as the observer, the representative shall be authorized to so act by a writing subscribed by the attorney which identifies the representative.
>
> (d) If in the judgment of the observer the examiner becomes abusive to the examinee or undertakes to engage in unauthorized diagnostic tests and procedures, the

September 5, 2008
Page 3

>    observer may suspend it to enable the party being examined or producing the examinee to make a motion for a protective order.
>
>    (e) If the observer begins to participate in or disrupt the examination, the person conducting the physical examination may suspend the examination to enable the party at whose instance it is being conducted to move for a protective order.
>    . . ..

These simple protections were designed to avoid abuses and have worked very well. They have the effect of avoiding potential problems before they happen, rather than requiring the parties to try to "unwind" any problems after the fact by lengthy and costly law and motion proceedings.

   8.   It is important to keep in mind one crucial difference between the federal and state provisions that has not been addressed by the defendants. That is the fact that FRCP 35 does NOT provide for a medical examination as a matter of discovery right; rather, the Rule requires what we believe to be a noticed motion and court order upon a showing of "good cause". This, in our view, necessarily allows the hearing judge discretion in considering any concerns raised in opposition and to formulate reasonable protections to address those concerns, i.e., to decide in each case the appropriateness of the proposed "time, place, <u>manner</u>, <u>conditions</u>, and <u>scope</u> of the examination . . ." (Emphasis added). Otherwise, this would be meaningless, surplus language.

   9.   At this point, plaintiff requests the court's assistance in resolving this matter by agreement, so the parties will not have to address the matter by way of a formal noticed motion pursuant to FRCP 35. Plaintiff would, of course, prefer all of the conditions requested in paragraphs 4 and 7 above, but believes there could and should be some middle ground.

                                        Respectfully submitted,

                                        AUBREY D. BOYD, ESQ.

ADB/cm
cc: Darren J. Quinn
    Law Offices of Darren J. Quinn

    Samantha Lopez, Esq.
    INTERNATIONAL PRACTICE GROUP, PC

    Melanie A. Andrews, Esq.
    U.S. DEPARTMENT OF JUSTICE
    OFFICE OF THE UNITED STATES ATTORNEY

ltr - Judge and defenseAtty.1.wpd



U.S. Department of Justice

*Karen P. Hewitt*
*United States Attorney*
*Southern District of California*

| | |
|---|---|
| *Melanie A. Andrews* | *(619) 557-7640* |
| *Special Assistant United States Attorney* | *Fax (619) 557-5004* |

*San Diego County Office*  
*Federal Office Building*  
*880 Front Street, Room 6293*  
*San Diego, California 92101-8893*

*Imperial County Office*  
*516 Industry Way*  
*Suite C*  
*Imperial, California 92251-7501*

September 5, 2008

The Honorable Ruben B. Brooks
United States Magistrate Judge
Southern District of California
940 Front Street
San Diego, CA 92101-8900

      Re:    Sandra Ybarra v. United States and Anheuser-Busch, Inc.
                Civil Action No. 08cv0350

Dear Judge Brooks,

      Plaintiff filed a negligence action against the United States and Anheuser-Busch, Inc. for alleged injuries to her left knee and lumbar spine sustained as the result of cases of Anheuser-Busch beer allegedly falling on her while shopping at the Navy Exchange Package Store located at Naval Base San Diego. Plaintiff is willing to allow a defense-retained orthopaedist to examine her and an exam is scheduled for September 10, 2008, however the parties cannot agree upon the terms and limitations of the exam.

      Dr. Raymond Vance has been retained by the Defendants to perform the medical exam. Plaintiff wants to impose the following terms and limitations on him: 1) he may not require Plaintiff to fill out any type of questionnaire; 2) he may not ask Plaintiff questions about the facts of the case; 3) he may not ask about unrelated health issues; and 4) Plaintiff wants to audiotape the examination.

      The United States strongly objects to any of the terms and limitations Plaintiff proposes. For the reasons set forth below, we ask the Court to sustain our objection and order the examination to proceed on September 10th.

      1)    <u>Dr. Vance should be allowed to obtain any and all information that he believes is necessary to complete a thorough examination</u>

      The United States is not sure whether Dr. Vance will ask Plaintiff to fill out a questionnaire, but at the very minimum, he or someone from his staff will seek a medical history. In this case, for example, he would learn that Plaintiff suffered a head and neck injury in 2002 when an object in a department store fell on her head. This information is relevant because an injury to one area of the spine may have some bearing on her alleged lower back pain.

      Additionally, information about how Plaintiff sustained her current injuries would clearly assist Dr. Vance in formulating his opinion about what he believes the nature and severity of her injuries

The Honorable Ruben B. Brooks
                                                                                    September 5, 2008
Re:   Sandra Ybarra v. United States and Anheuser-Busch, Inc.                       page 2
      Civil Action No. 08cv0350

should be. Therefore, Plaintiff should answer questions regarding what parts of her body made contact with the beer cases, the floor or any other objects. Based on these examples alone, there is no way to determine what information Dr. Vance should or should not be allowed to obtain from Plaintiff.

    2)   <u>Plaintiff has not offered any reason to believe that Dr. Vance is biased or will conduct anything other than an impartial examination.</u>

No specific facts have been offered to show that Dr. Vance is biased or will conduct anything other than an impartial examination. No facts have been offered to suggest that Dr. Vance will conduct himself in an unprofessional manner or will misrepresent what takes place during the examination. Plaintiff's concerns about any disadvantage she may have by the lack of limitations being placed on Dr. Vance are clearly speculative. If, later, Plaintiff believes that Dr. Vance did not conduct his examination in an unbiased or professional manner or is misrepresenting the facts, those issues may be addressed during his deposition or via a motion in limine.

Incidently, in addition to being treated by her primary care physician and other specialists, Plaintiff retained an expert orthopaedist, Dr. William Curran, to conduct her own independent medical examination. At no time were the Defendants offered the opportunity to audio or video tape the examination and Dr. Curran's report clearly indicates that Plaintiff answered questions regarding her medical history and the facts of this case. In order to maintain a level playing field regarding the medical examination aspect of discovery, Dr. Vance should not be limited in the performance of his exam.

    3)   <u>Federal law support no outside presence at the medical examination</u>

Federal law governs discovery in federal civil actions, *see* Fed. R. Civ. P. 1; *Pruett v. Erickson Air-Crane Co.*, F.R.D. 248, 250 (D. Or. 1998) and although Rule 35 is silent regarding the presence of counsel, third parties or the use of recording equipment, the weight of federal authority favors the prohibition of the presence of counsel, third parties or recording equipment, absent good cause. *See Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind 1989) (denying plaintiff's attorney from attending medical examination); *McDaniel v. Toledo P & W.R. Co.*, 97 F.R.D. 525, 526 (C.D. Ill 1983) (denying party's attorney from attending physical examination); and *Tomlin v. Holecek*, 150 F.R.D. 628, 634 (D. Minn 1993).

In *Tomlin*, the court denied Plaintiff's request to tape record her psychiatric examination, holding that its rationale for excluding attorneys from Rule 35 examinations applied equally to tape recorders. Specifically, the *Tomlin* court suggested that to allow attorneys and/or tape recorders into the examining room would have the effect of :
> endorsing, if not promoting, the infusion of the adversary process into the psychologist's examining room to an extent which is, in our considered judgment, inconsistent with the just, speedy and inexpensive resolution of civil disputes, and with the dictates of Rule 35.

*Id.*

In *Galieti v. State Farm Mutual Automobile Insurance Company*, 154 F.R.D. 262 (D. Colo. 1994), the Colorado district in a sexual harassment case granted defendant's motion to conduct an

The Honorable Ruben B. Brooks

September 5, 2008

Re:   Sandra Ybarra v. United States and Anheuser-Busch, Inc.            page 3
      Civil Action No. 08cv0350

unsupervised and unrecorded Rule 35 psychiatric examination on the grounds that Plaintiff failed to carry its burden of convincing the court that a third party or tape recorder should be present, since "Plaintiffs have presented nothing that indicated Drs. Frey and Frakes will be less than impartial, other than that they have been hired by Defendants." *Id.* at 265. See also *Shirsat v. Mutual Pharmaceutical Co., Inc.,* 169 F.R.D. 68 (E.D. Pa. 1996) (denying Plaintiff's request for an observer during a psychiatric examination); and *Holland v. United States,* 182 F.R.D. 493 (D.S.C. 1998) (denying Plaintiff's request to videotape his IME).

In contrast to this, in *Di Bari v. Incaica Cia Armadora,* 126 F.R.D. 12 (E.D.N.Y. 1989), the Magistrate Judge held that the Plaintiff was not entitled to have his attorney present during a psychiatric examination, but allowed him to have a court reporter present because the Plaintiff was not well educated and had trouble speaking the English language. Because of this, the court suggested that Plaintiff's ability to tell his lawyer what occurred during the examination might be seriously impaired; thereby preventing Plaintiff's counsel from preparing an adequate cross-examination. *Id.* at 14.

In this case the Plaintiff has made no showing that she cannot communicate with health care providers or her lawyer. Given the rationale of the above cited cases, there is no reason why the adversarial nature of a tape recorder should be infused into Plaintiff's IME and the Court should deny Plaintiff's request to tape record the IME.

4)   Conclusion

For all of the reasons set forth above, we ask the Court to sustain our objection to any of the terms and limitations Plaintiff proposes and order the examination to proceed on September 10, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


/s/Melanie A. Andrews
MELANIE A. ANDREWS
Special Assistant U.S. Attorney

Attorneys for the United States



INTERNATIONAL
PRACTICE GROUP PC

1350 Columbia Street, Suite 500
San Diego, CA 92101
Phone: (619) 515-1480
Fax: (619) 515-1481
slopez@ipglaw.com

September 5, 2008

**The Honorable Ruben B. Brooks**
**United States Magistrate Judge**
**Southern District of California**
**940 Front Street**
**San Diego, CA 92101-8900**

        Re:    <u>Sandra Ybarra v. United States and Anheuser-Busch, Inc.</u>
               Civil Action No. 08cv0350

Dear Judge Brooks:

This case involves an alleged personal injury sustained by Plaintiff Sandra Ybarra ("Plaintiff") as a result of an incident that occurred on May 3, 2005. Plaintiff claims injuries to her left knee, lumbar spine, hip and foot as a result of the alleged incident. Plaintiff also claims that one or more of her alleged injuries have not resolved. Accordingly, Plaintiff's counsel has agreed to allow a defense-retained orthopedic surgeon (Dr. Raymond Vance) to conduct an independent medical examination on Plaintiff. Said examination is currently scheduled for <u>September 10, 2008 @ 3:00 p.m</u>.

While Plaintiff's counsel has agreed to allow an independent examination, he has requested that the scope of the examination be limited. In his email dated August 8, 2008, counsel for Plaintiff stated the following:

> "Under the circumstances, we ask that you provide proposed dates for the exam and we will proceed accordingly. I assume we will follow standard protocols: our client will be accompanied by a representative of my office, who will be present during the examination and who will tape record the session; the scope of the examination will be limited to the party of our client's body which were injured in the subject incident; our client will NOT fill out a questionnaire; no detailed interview will be conducted by the doctor (no second deposition); no x-rays or invasive tests will be performed; my office will be provided with copies of the doctor's medical summary and report." (Email from A. Boyd to M. Andrews and S. Lopez, dated August 8, 2008).

IPG                                      Sandra Ybarra v. United States and Anheuser-Busch, Inc.
                                         Civil Action No. 08cv0350                    Page 2 of 3

On or about August 13th and August 20, 2008, Counsel for the United States of America ("USA") objected to these strict guidelines and provided Plaintiff's counsel with a copy of previous court orders and case law supporting the grounds for her objections. After reviewing the relevant case law, I, on behalf of Anheuser-Busch, Inc. ("ABI") concurred with the USA's objections.

Since that time, the parties have had several communications in an effort to resolve this issue without court intervention. Unfortunately the parties were unable to reach an agreement and thus counsel for the United States of America contacted the Court requesting a telephonic conference call to discuss this issue.

ABI's position with respect to the aforementioned limitations on the independent examination are as follows:

- ABI has no objections to providing Plaintiff's counsel with any reports prepared by Dr. Vance;

- ABI concurs with USA's objection to Plaintiff having a third party present during the examination. Although the court has discretion to allow the presence of a third party, the weight of federal authority favors the prohibition of the presence of counsel or third parties absent good cause. *See Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind 1989). Plaintiff has provided no grounds for good cause in this particular situation;

- ABI concurs with the USA's objection to Plaintiff tape-recording the examination. If Plaintiff's counsel has an issue with the content of Dr. Vance's report, Plaintiff's counsel will have an opportunity to depose and perform cross-examination on Dr. Vance at a later point. Furthermore, if necessary, Plaintiff can limit the scope of Dr. Vance's testimony *vis a vis* a motion in limine;

- ABI concurs with the USA's objection that the scope of questions or examination performed by Dr. Vance should not be limited. Plaintiff has placed her medical condition at issue as a result of filing this lawsuit. Plaintiff's counsel cannot speculate as to what Dr. Vance will ask or what will be necessary for Dr. Vance to conduct his examination. Dr. Vance, as a licensed professional, should be entitled to conduct a thorough examination and any request relevant medical or factual information, as may be necessary to conduct his examination. As stated supra, if Plaintiff has objections to Dr. Vance's testimony and seeks to limit same, Plaintiff's counsel can file an appropriate motion in limine.

For the reasons set forth above, ABI concurs with all of USA's objections and asks the Court to prevent any limitations on the defense medical examination scheduled for September 10, 2008

IPG     Sandra Ybarra v. United States and Anheuser-Busch, Inc.
                Civil Action No. 08cv0350     Page 3 of 3

Respectfully submitted,
INTERNATIONAL PRACTICE GROUP,
A PROFESSIONAL CORPORATION

By  /s/ Samantha Lopez
GUILLERMO MARRERO
SAMANTHA LOPEZ
*Attorneys for Defendant*
ANHEUSER-BUSCH, INC. D/B/A
ANHEUSER-BUSCH SALES OF SAN DIEGO

Cc:
Aubrey Boyd (*via email*)
Darren Quinn (*via email*)
Melanie Andrews (*via email*)